John E. Porte, Plaintiff, *v.* Victor H. Polachek, Defendant.
John E. Porte, Plaintiff, *v.* Victor H. Polachek, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District,
April 4, 1934.

*Solon H. Liebeskind* [*John E. Porte* of counsel], for the plaintiff.

*Katz & Sommerich*, for the defendant.

Sulzberger, J.   The plaintiff in each of the above actions moves for an order striking out the answer of the defendant in each case and for summary judgment.   Heretofore similar motions were made, which previous motions were denied by the Appellate Term, but which granted leave to renew the said motions without prejudice, and, by reason of the denial with the right to renew without prejudice, these motions are now before this court.

In each action the plaintiff sues on a bond for $1,000 executed by the defendant in the State of Illinois which bonds were part of an issue of $115,000 secured by a mortgage on real property in the said State of Illinois under a trust deed executed by the defendant and his wife to Greenebaum Sons Bank and Trust Company, as trustee, and bearing date of November 1, 1926, with interest at six and one-half per cent per annum.

The original holder of said bonds was one Herman Dover, and the plaintiff claims to have purchased the said bonds and to be the owner and holder thereof.

By its terms the bond was payable unconditionally on December 15, 1931, with interest. The bonds, therefore, had matured prior to the commencement of these actions.

The affidavits in opposition to the motion for summary judgment set forth that there are three issues to be tried by the court and, therefore, prays that the motions be denied. These issues are, briefly, as follows:

(a) Whether the plaintiff was at the time of the commencement of this action the owner and holder of the bonds sued upon;

(b) Whether under the provisions of the said bond and trust deed the plaintiff may maintain these actions:

(c) Whether under chapter 794 of the Laws of 1933, enacting section 1083-b of the Civil Practice Act, the defendant may not set off the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and incumbrances.

The court will discuss each one of these alleged issues in the order in which they are presented by the papers.

1. The bonds are bearer bonds and whether the plaintiff is the owner of said bonds by purchase, or whether they were assigned to him for the purpose of suit or otherwise, does not present an issue for trial in this action, particularly where it is nowhere claimed that any other person has made a demand upon the defendant for the amount of said bonds or that the said bonds had been lost or had otherwise come improperly into the possession of the plaintiff.

The very learned Appellate Term, having this no doubt in mind, has required the production of the bonds upon this motion and said bonds have been produced and are now part of the record, and upon the payment of the judgment the defendant is entitled to the possession of the said bonds and can, therefore, under no circumstances, be subject to any further liability.

2. As already stated, the bond sued on had matured prior to the commencement of these actions. There is no prohibition in the bond itself with respect to the holder's right to sue thereon, and in the opinion of the court the case of *Cunningham* v. *Pressed Steel Car*

*Co.* (238 App. Div. 624) is decisive, controlling and binding upon this court. The language of the bonds in the instant case and in the *Cunningham* case are almost identical. In the *Cunningham* case the bond provided: " to which indenture reference is hereby made for a statement of the rights of the holders of said bond." In the instant case the bond provides: " for the terms and conditions under which this bond is issued, secured and held, reference is made to said deed of trust."

In the *Cunningham* case the court used this language: " However, when this suit was commenced, the bonds involved were unpaid and overdue. We do not find that the reference to the indenture constitutes a bar to the maintenance of this action. The covenant in the bond that defendant will pay the principal amount thereof on January 1, 1933, is absolute on its face. The reference to the indenture did not clearly place the bondholder on notice of any restriction upon the defendant's obligation to pay at maturity, so as to preclude action at that time by individual bondholders to sue for and collect the principal. * * *

" There being no definite restrictive language in the bond which inhibits the bondholder's right to enforcement of the obligation at maturity, any inconsistency between the bond and the indenture must be construed in favor of the bondholder. (*Enoch* v. *Brandon,* 249 N. Y. 263, 268.)

" * * * Defendant's primary covenant to pay at maturity contained in the bonds themselves is not qualified by the collateral promises and agreements of defendant mentioned in the indenture. The bondholder's remedy to proceed on a primary obligation is separate and distinct from the right to enforce the collateral promises of the indenture."

The cases relied upon by the defendant are clearly distinguishable from the *Cunningham* case.

In the case of *Watson* v. *Chicago, Rock Island & Pacific R. R. Co.* (169 App. Div. 663) the obligation sued on had not matured at the time of the institution of the action. In *Green* v. *New York United Hotels* (236 App. Div. 647; affd., 261 N. Y. 698) the decision turned upon a matter of pleading, the court holding that since the plaintiff had incorporated the trust agreement in his complaint by reference, he was obliged to show that he had complied with the terms and provisions thereof. It is in no sense an authority contrary to the plaintiff's contention. *Old Colony Trust Co.* v. *Stumpel* (247 N. Y. 538) is likewise not in conflict with the *Cunningham* case.

The Illinois cases cited by counsel for the defendant are likewise distinguishable in that all of said cases turn on the question of the negotiability of the securities involved and the decisions involve the

question whether the obligation was fixed and determined or whether it was " dependent for its payment upon the terms of another contract, either as to the unconditional nature of the promise to pay, the amount to be paid or the time when it is to be paid." (*Sturgis National Bank* v. *Harris Bank*, 351 Ill. 465, at p. 481.)

3. It is conceded that the State of Illinois has enacted no moratorium legislation regarding foreclosure actions or actions on bonds secured by real estate.

The contract between the parties was made in the State of Illinois and clearly the laws of Illinois govern with respect to said contract. The parties to it must have intended that such laws should govern and control their rights, and certainly did not intend that in an action begun in a foreign jurisdiction that the laws of said jurisdiction were to apply. In any event, the law is to the contrary unless proof be adduced clearly showing what the intention of the parties was. (*Stumpf* v. *Hallahan*, 101 App. Div. 383; affd., 185 N. Y. 550; *Benton* v. *Safe Deposit Bank*, 255 id. 260; *Westchester Mortgage Co.* v. *G. R. & I. R. R. Co.*, 246 id. 194.)

The New York State Moratorium Laws enacted in August, 1933, were for the benefit of the citizens of the State of New York owning real estate in this State, and not for the benefit of real estate located without the State, and, therefore, the defendant cannot avail himself of this defense.

While the law unquestionably is that in so far as the remedy is concerned, the law of the forum where the remedy is invoked governs, yet for the reasons already stated, namely, that the New York Mortgage Moratorium Laws refer to the remedy only in so far as it relates to real estate located in the State of New York, the said Moratorium Laws do not control.

Since there are no issues of fact to be tried, the motion for summary judgment in each case is granted.

Five days' stay.