Fannie D. Harris, Plaintiff, *v.* Metropolitan Casualty Insurance Company of New York, Defendant.

Municipal Court of New York, Borough of Manhattan, Third and Sixth Districts, September 30, 1935.

*Albert Harris*, for the plaintiff.

*O'Connor & Farber*, for the defendant.

Sulzberger, J.   The plaintiff moves for summary judgment in three actions each one of which is based upon a written guaranty of payment made by the defendant of participating bonds secured by mortgages on real estate situate outside of the State of New York. The defendant makes three cross-motions for summary judgment dismissing the plaintiff's complaint in each instance.   The answer of the defendant sets up three separate defenses as follows:

1. That under section 1083-b of the Civil Practice Act the defendant desires to set off the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and incumbrances.

2. That under section 1077-b the plaintiff cannot maintain this action.

3. A partial and general release.

With respect to the first defense:   The affidavits of the defendant upon the cross-motion disclose that the contract was made in this State.   The real estate which is the security for the bonds in suit is located in the city of Chicago, State of Illinois, and in the

city of Asheville, State of North Carolina. For the reason assigned by me in the case of *Porte* v. *Polachek* (150 Misc. 891), this defense is not available to the defendant. It is true that in the instant case the contract appears to have been made in the State of New York and not, as in the *Polachek* case, in Illinois, but the fact of where the contract was made was not controlling in reaching the conclusion in that case. The court held then, and holds now, that the New York State Moratorium Laws were intended for the benefit of the citizens of the State of New York owning real estate in this State, and not for the benefit of real estate located without the State.

With reference to the second defense: Section 1077-b likewise is not available to the defendant. Although this section was not involved in the *Polachek* case, the theory on which said case was decided applies with equal force to this section.

As to the third defense: There was no partial and general release. Assuming for the moment that the principle of contribution of cosureties applies, which the court seriously questions, nevertheless there is no proof before this court that the defendant's rights have been prejudiced by the failure of the plaintiff to file a proof of claim in the bankruptcy proceedings of the Federal Mortgage Company. There is nothing to indicate whether there were any assets with which to pay any dividends and, therefore, assuming that the plaintiff had a right to file a proof of claim, the defendant had the same privilege. Under the facts of the case, therefore, there was no release, either wholly or partially, and this defense likewise is insufficient.

Therefore, plaintiff's motion for summary judgment is granted. Defendant's cross-motion for summary judgment is denied.

So ordered.