THE PROVIDENT SAVINGS BANK AND TRUST COMPANY, as Executor of GEORGE H. MASSEY, Deceased, Respondent, *v.* JOHN A. STEINMETZ et al., Appellants.

(Argued January 29, 1936; decided March 3, 1936.)

*Harry H. Chambers* for appellants. Plaintiff was not entitled to judgment for the full amount, since it must be assumed that the property has some value which must

be set off against the amount demanded in the complaint. (Civ. Prac. Act, § 1083-b; *Union Trust Co. v. Vetromile,* 239 App. Div. 562; *Stuyvesant Credit Union v. Manufacturers Tr. Co.,* 239 App. Div. 187; *Brawer v. Mendelson Bros.,* 262 N. Y. 53; *Piedmont Hotel Co. v. Nettleton Co.,* 263 N. Y. 25; *Farnham Realty Corp. v. Posner,* 200 App. Div. 827; *Currie v. Mackenzie,* 239 N. Y. 267; *Perlman v. Perlman,* 235 App. Div. 313; *Wilkins v. Earle,* 44 N. Y. 172.)

*William O. Robertson* for respondent. Section 1083-b of the Civil Practice Act is not applicable. (*Porte v. Polachek,* 150 Misc. Rep. 891; *Harris v. Metropolitan Casualty Ins. Co.,* 156 Misc. Rep. 692.)

CRANE, Ch. J. This action is brought by the respondent as executor of the last will and testament of George H. Massey to recover the amount of two notes made by appellants to the order of the decedent, in the aggregate principal amount of $9,000. The answer alleges by way of affirmative defense that the two notes described in the complaint, and a third note, which has been paid, were given by the appellants to the decedent, simultaneously with a first and purchase-money mortgage upon real property located in the State of Florida; that the mortgage secured the payment of the notes, and that the fair and reasonable market value of the property, less the amount owing on prior liens or incumbrances, exceeds the amount unpaid upon the two notes. Respondent moved for summary judgment, which was granted by the Special Term and affirmed by the Appellate Division.

The defendants-appellants have attempted to set up a defense, pursuant to section 1083-b of the Civil Practice Act. We are of the opinion that the matter set forth is good as a total or partial defense provided this section of the Civil Practice Act applies to bonds or notes secured by mortgage upon property in foreign States. Did the Legislature by these provisions, known

as the Mortgage Moratorium Statute, intend to have them apply to mortgages upon property in other States of the Union?

These sections are found in article 65, entitled, "Action to foreclose a mortgage." It is conceded that such an action can only apply to real property located in this State. That the article also applies to actions which are brought upon the bond secured by the mortgage is evident from reading the very first section of the article, section 1077: "Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, * * * and has been returned wholly or partly unsatisfied."

Thus, where an action has been brought on the debt instead of foreclosing the mortgage given to secure the debt, execution must be first issued and returned unsatisfied. This clearly applies to a debt secured by mortgage upon property in this State. The section refers to any part of the mortgage debt and says that any action to foreclose *the* mortgage shall not be commenced, etc. As no action can be maintained to foreclose a mortgage except upon property in this State, the debt thus sued upon must be one secured by mortgage upon property in this State. This seems to be quite clear. We find similar expressions used in section 1083-b of the article.

First referring to section 1083-a we find a limitation upon deficiency judgments during the emergency period. No judgment shall be granted for any residue of the debt remaining unsatisfied where an action to foreclose a mortgage has been commenced during the emergency except for an amount equal to the sum owing by the party liable, as determined by the judgment of foreclosure, with interest, plus the amount owing on all

prior liens and incumbrances with interest, plus costs and the disbursements of the action, including the referee's fees and disbursements, less the market value as determined by the court. In other words, the deficiency judgment can only be entered for the difference between the fair market value of the property and the amount due even though the sale under foreclosure has been for a much less price than the market value. This section, it is conceded, applies only to mortgaged property in this State.

The corollary to this section is found in section 1083-b, which affords the same relief or limitation, where the action is brought upon the bond or note secured by mortgage before resort has been had to foreclosure. The same language and the same particle of speech is used as in section 1077. This section reads: " In any action * * * commenced during the emergency, other than an action to foreclose a mortgage, to recover a judgment for any indebtedness secured by a mortgage on real property * * * against any person * * * liable therefor, any party against whom a money judgment is demanded, shall be entitled to set off the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and encumbrances. In any action to foreclose *the* mortgage commenced after the emergency as defined by the law shall have expired, a deficiency judgment may be recovered as though this section had not been enacted but the amount of any money judgment recovered as provided in this section shall be deducted in computing such deficiency judgment." In this last sentence we find the expression, " in any action to foreclose *the* mortgage." This must refer to the sentence going before and at the beginning of the section, which says, in any action commenced during the emergency to recover a judgment for any indebtedness secured by a mortgage — a mortgage and the mortgage must be one and the same thing.

As an action to foreclose a mortgage must relate to property in this State it is quite evident that the indebtedness referred to in section 1083-b is an indebtedness secured by a mortgage upon property in this State. These mortgage moratorium provisions as contained in sections 1083-a and 1083-b were limited in time and expire with the expiration of the emergency, which was fixed by chapter 2 of the Laws of 1935, as July 1, 1936. This moratorium law regarding foreclosure and deficiency judgments being limited in foreclosure to property within this State, the indebtedness being likewise limited in amount for which judgment may be given, is also an indebtedness secured by a mortgage upon property within this State.

Moreover, the above sentence in section 1083-b shows that the section does not apply to foreign mortgages or to debts secured by such mortgages. This sentence reads as follows: " In any action to foreclose the mortgage commenced after the emergency as defined by the law shall have expired [July 1, 1936], a deficiency judgment may be recovered as though this section had not been enacted but the amount of any money judgment recovered as provided in this section shall be deducted in computing such deficiency judgment." How could this State direct the courts of Florida to deduct the money judgment perhaps uncollected, that is, the judgment on the debt recovered in this State, from the deficiency judgment to be entered in Florida on foreclosure? The whole section clearly applies to the debt secured by mortgages in this State.

For these reasons the defense attempted to be set up in relation to notes secured by mortgage upon property in Florida is not a good defense, as the provisions of section 1083-b have no application to such an action.

The judgment should be affirmed, with costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.