FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, Plaintiff, *v.* HANS P. WESEMAN and CLARA P. WESEMAN, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, March 3, 1937.

*Frank Hancock Hennessey* [*Paul G. Reilly* of counsel], for the plaintiff.

*Louis Ogust,* for the defendant Hans P. Weseman.

EDER, J. The complaint alleges the defendants executed and delivered to plaintiff their bond in the sum of $5,000, and to secure the payment thereof executed and delivered to plaintiff a mortgage of even date with the bond, which mortgage covered certain real property in the township of Midland and State of New Jersey. Default having been suffered by defendants in the payment of installments which became due, plaintiff thereupon brought an action for foreclosure of the mortgage in the Chancery Court of the State of New Jersey and, pursuant to a decree of said court, the mortgaged premises were sold by the sheriff of Bergen county. This sale, it is alleged, resulted in a deficiency amounting to the sum of $627.95, plus the sheriff's costs, amounting to $127.86, making a total of $755.81, to recover which this action is brought.

The action is not to recover upon a deficiency judgment, but is brought upon the bond.

In brief, it is claimed by the movant that the complaint is defective in failing to state facts conferring jurisdiction on the Chancery Court or that the decree rendered by it was duly given or made; that the complaint fails to allege any jurisdiction over the person of the movant in that action, or that the sale was properly conducted, or that leave of any court to bring this action was obtained.

Since the action is brought in this State, it is the claim of the movant that the provisions of the Civil Practice Act govern the plaintiff's right to recover, and that plaintiff has failed to allege facts bringing it within the purview of the act.

I do not feel that any of the objections raised merit discussion, other than the last one, and that they are matters to be pleaded by way of defense, if available at all, and that plaintiff was not required to plead any such facts as a condition precedent to any right to recover.

In urging plaintiff cannot maintain this action the movant seemingly relies on sections 1078, 1083-a and 1083-b of the Civil Practice Act.

Section 1078 of the Civil Practice Act provides: " While an action to foreclose a mortgage upon real property is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought."

Section 1083-a and section 1083-b are comparatively new enactments, prompted by the present unforeseen economic condition, and it is apparent were intended to alleviate the condition of the mortgagor to protect him from a deficiency judgment in every way possible.

Section 1083-a, which is a limitation upon deficiency judgments during the emergency period, requires a motion for a deficiency judgment to be made before any judgment for a deficiency can be entered, and, if no such motion is made, as therein prescribed, " the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

Section 1083-b, entitled " Judgments in actions on bonds," permits a defendant to plead as a set off the fair and reasonable market value of the mortgaged property.

This action is, as stated, brought upon the bond, and there would be some measure of merit to the claim of the movant if these provisions are applicable to the facts here.

However, I do not think they are, for the reason that these provisions, whether considered as independent statutes, or as being statutes in *pari materia*, which I believe they are, are plainly designed for the benefit of persons owning real estate in this State and not for the benefit of real property located elsewhere. (*Porte v. Polachek*, 150 Misc. 891.)

Moreover, this is an action on a bond. As such it is a transitory action and may be maintained in the courts of this State, regardless of the fact that a mortgage on land in another State has been given as collateral security for the bond. (*Hutchinson v. Ward*, 192 N. Y. 375.) This case seems to me to be clearly applicable to this situation.

Furthermore, I am of the opinion that these sections of the Civil Practice Act, to which I have alluded, have no application to actions wherein the mortgage is on premises situated in another State. (*New York Life Insurance Co. v. Aitkin*, 125 N. Y. 660; see, also, *Florida Land Holding Corp. v. Burke*, 135 Misc. 341; affd., 229 App. Div. 853.) And, therefore, it is unnecessary, as I view it, for plaintiff to have alleged in the complaint any facts showing compliance with these provisions of the Civil Practice Act.

The complaint, in my judgment, states a cause of action for the relief sought, and the motion to dismiss it is, therefore, denied. Defendant is granted leave to serve an answer to the complaint within five days after service of a copy of the order to be entered hereon.