FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, Plaintiff, *v.* HANS P. WESEMAN and CLARA P. WESEMAN, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, February 23, 1939.

*Frank Hancock Hennessey* [*Paul G. Reilly* of counsel], for the plaintiff.

*Louis Ogust,* for the defendant Hans P. Weseman.

RAIMO, J. This action has been submitted on an agreed statement of facts.

The defendants, on or about July 18, 1927, executed and delivered to the plaintiff their bond in the sum of $5,000, secured by a mortgage on real estate in the township of Midland, county of Bergen, State of New Jersey.

The defendants defaulted in the payments required to be made under the terms of the said bond and mortgage, and an action for foreclosure was instituted by the plaintiff. Pursuant to a decree of the Chancery Court of the State of New Jersey, the real estate was ordered sold, and at such sale plaintiff purchased the property for the sum of $2,800.

When the default occurred there was due to the plaintiff the sum of $3,310.93, with interest. In this action, brought upon the bond, plaintiff seeks to recover the deficiency resulting on the sale, together with the costs of the foreclosure action and the costs of the sheriff in the sale of the said property, amounting in all to the sum of $755.81.

The answer, as amended, contains three affirmative defenses. The first defense is that at all the times mentioned in the complaint section 51 of the Compiled Statutes of the State of New Jersey provided that no judgment shall be entered by confession on any bond where a mortgage has been given for the same debt or in any action on the said bond unless prior to the commencement of such action a certain notice is filed in the office of the clerk of Common Pleas or the register of deeds and mortgages of the county in which the lands are situated, and that no such notice as prescribed by the statute of New Jersey was filed. The reply served and filed by the plaintiff admitted its failure to file the required notice.

The second defense alleges that at all times mentioned in the complaint, section 1 of chapter 88 of the Laws of 1935 of the State of New Jersey provided in substance that in all cases where a bond and mortgage had been given for the same debt, all proceedings shall be first, to foreclose the mortgage, and thereafter it shall be lawful to proceed on the bond for a deficiency, provided that the obligors on the bond may file an answer in the suit on the bond, disputing the amount of such deficiency and introducing in evidence at the trial testimony of the fair market value of the mortgaged premises, and the court shall determine the amount of such deficiency by deducting from the said debt the amount found to be the fair market value of the said premises.

The defendants have alleged, and it is conceded in the agreed statement, that the mortgaged premises at about the time of the sale and its confirmation were worth the sum of $5,000.

The third defense alleges that the deficiency upon which the complaint is predicated arose from an indebtedness secured by a mortgage on real property which originated simultaneously with such mortgage and was secured solely by such mortgage, and that at the time of the alleged foreclosure and sale the reasonable market value of the property was the sum of $5,000, and that by virtue of the moratorium laws of the State of New York the defendants were not indebted to the plaintiff.

Each of these defenses will be discussed *in seriatim.*

With reference to the first defense, the Court of Appeals, in passing upon this statute of the State of New Jersey in question, has declared that the provision thereof with reference to the requirement of the filing of a notice with the clerk of Common Pleas before the commencement of an action on the bond affects a remedy and not a right, and, accordingly, applies only to actions brought in the courts of New Jersey and not to the relief sought outside of that State. (*Apfelberg* v. *Lax*, 255 N. Y. 377.) That case is decisive of the first defense, and, accordingly, it is incumbent upon this court to hold such defense insufficient.

In so far as the second defense is concerned, the plaintiff has argued with much force and authority that the statute of the State of New Jersey, which authorizes obligors to introduce evidence concerning the value of the mortgaged premises with reference to the ascertainment of a deficiency, is in the nature of a setoff, and as such is not available to the defendants in the courts of this State under the well-established rules that defenses in the nature of a setoff, counterclaim and recoupment relate to the remedy and not to the right, and, therefore, are governed by the *lex fori.* That such is the well-established rule cannot be gainsaid. However, such an abstract rule is not applicable where the foreign law attempted to be established is itself a part of the very contract on which a recovery is predicated. (*Hutchinson* v. *Ward*, 192 N. Y. 375; *Stumpf* v. *Hallahan*, 101 App. Div. 383; affd., without opinion, 185 N. Y. 550.)

As stated by the Appellate Division of the Second Department: " The contemporaneous delivery and acceptance of a mortgage to secure the bond covering property in the State of New Jersey, however, imports an intention that the laws of that State should govern the right of action on the bond and mortgage if there be submission to its jurisdiction. The bond and mortgage constitutes one contract and are to be considered together. (*Stumpf* v. *Hallahan*, 101 App. Div. 383, 386; affd., without opinion, 185 N. Y. 550.) In the foreclosure action the debt evidenced by the bond was necessarily adjudicated by the courts of that State and, in

fact, plaintiff relies upon such adjudication in commencing her action here." (*McGough* v. *Derby*, 254 App. Div. 708.)

In my opinion, therefore, the laws of the State of New Jersey would be available to the defendants in the instant case. However, in applying the laws of New Jersey, I find that the New Jersey Court of Errors and Appeals has held that the statutes of New Jersey permitting proof of the fair market value of mortgaged lands, in reduction of the deficiency on the bond, notwithstanding the price yielded by the foreclosure sale, were unconstitutional in so far as they affect a pre-existing bond. (*Vanderbilt* v. *Brunton Piano Co.*, 111 N. J. L. 496; 169 A. 177; *Hackensack Trust Co.* v. *Voight*, 75 F. [2d] 270.)

Under the circumstances, the bond in suit having originated prior to the enactment of the New Jersey moratorium laws, I am, following the laws of the State of New Jersey, constrained to hold the second defense insufficient.

Upon motion made by the defendants to dismiss the complaint in the instant case under rule 106 of the Rules of Civil Practice, Mr. Justice EDER, in sustaining the complaint, held that the moratorium statutes of the State of New York were " designed for the benefit of persons owning real estate in this State and not for the benefit of real property located elsewhere." (162 Misc. 109.) Hence the third defense is insufficient. (See, also, *Porte* v. *Polachek*, 150 Misc. 891; *Provident Savings Bank & Trust Co.* v. *Steinmetz*, 270 N. Y. 129.)

Since each of the defenses is insufficient, judgment is granted for the plaintiff as demanded in the complaint. Five days' stay of execution.