## RECONSTRUCTION FINANCE CORP. v. MERCURY REALTY CO., Inc. et al.

### No. 9430.

United States District Court
E. D. Michigan, S. D.
April 27, 1951.

C. B. Marks, O. C. Grattan, and G. W. Lamphere, all of Detroit, Mich., for plaintiff.

James N. McNally and Norris A. Porter, Dearborn, Mich., for defendants.

492

KOSCINSKI, District Judge.

Plaintiff sues on promissory note dated November 24, 1947 at Florence, Alabama, payable to plaintiff at the Birmingham Branch of the Federal Reserve Bank of Atlanta, Birmingham, Alabama, with interest at 4% per annum, payment to be made in installments, with final maturity of the note not later than November 1, 1949. There was default in payment.

Payment of the note was secured by collateral consisting of real estate and personal property situated in Alabama.

The note provided that in case of default in payment the payee is empowered to sell, assign and deliver the whole or any part of the collateral, at public or private sale, without demand, advertisement or notice of the time or place of sale or of any adjournment thereof, such notice being expressly waived. The note contained the further statement "The undersigned hereby waives to the full extend permitted below all right of redemption or appraisement whether before or after sale. At any such sale payee may become the purchaser of the whole or any part of the collateral free from any right of redemption as far as permitted by law."

The note is signed "Muscle Shoals Lumber Company, Inc. (Seal), By: /s/ F. E. Hudelson, President: Attesting: /s/ Norris A. Porter, Secretary."

On the day of the signing of the note, and as inducement for the making of the loan, three separate guarantees for payment of the note were signed and delivered to the plaintiff. The first guarantee is signed by the Mercury Realty Company, Inc., by F. E. Hudelson, President, and Norris A. Porter, Secretary: the second guarantee is signed by J. E. Holcomb and the third guarantee is signed by F. E. Hudelson and Norris A. Porter.

Pursuant to the power of sale contained in the collateral or mortgage instrument, following default in payment of the note, plaintiff, under the power of sale, foreclosed the mortgage on the real and personal property and became purchaser of the collateral on such sale, which was accomplished under the laws of Alabama by advertisement and notice.

In its complaint, plaintiff demands judgment for the balance of the indebtedness in the amount of $6,061.57, with interest at 4% per annum from January 4, 1950.

In their individual answers to the complaint, defendants claim that on the date of mortgage foreclosure on January 4, 1950, the fair market value of the mortgaged property was more than the balance due on the note, but that plaintiff bid it in at only $5,550.00 and that this low bid constitutes a fraud against the defendants. Under these circumstances they invoke the provisions of Sec. 692.51, Michigan Compiled Laws 1948, Michigan Statutes Annotated 27.1335, providing for opportunity to establish fair market value of the mortgaged property equal to or in excess of the unpaid amount of the indebtedness as of the date of sale under power contained in the mortgage. No such right is afforded under the laws of Alabama where the contract between the parties was made and where all of the collateral property was situated.

The defendant corporation as well as the individual defendants are residents of the State of Michigan. Defendant Norris A. Porter, is an Attorney-at-Law and was present at the foreclosure sale in Alabama.

The mortgage referred to by the defendants was executed November 27, 1947, recorded November 29, 1947, in Volume 365, Page 122, in the Probate Office for Lauderdale County, Alabama. There were also two supplemental mortgages covering after-acquired property; one, dated June 27, 1949, and recorded June 30, 1949, in Volume 411, Page 422, Probate Office, and the second supplemental mortgage dated June 1, 1948, recorded in Volume 367, Page 270. The mortgage and supplemental mortgages were executed in the State of Alabama and covered real and personal property situated in Lauderdale County, State of Alabama. The mortgages were foreclosed by exercise of Power of Sale on January 4, 1950, and the foreclosure deed recites that the foreclosure sale was held in front of the Court House door in the City of Florence, Lauderdale County, Alabama, by public outcry, and that the best and highest bid obtained

was in the amount of Five Thousand Five Hundred Fifty and No/100 ($5,550.00) Dollars for all of the real and personal property described in the three mortgages and the property was thereupon sold to plaintiff. The Deed is dated January 12, 1950 and recorded in Volume 422, Page 44, Probate Office, Lauderdale County, State of Alabama.

It is plaintiff's contention that (1) the situation is covered by Alabama law which does not permit the defense of inadequacy of the purchase price at mortgage foreclosure sales to be litigated in action to recover deficiency, and, (2) in any event, the Michigan Statute referred to applies only to cases where the foreclosure was under Michigan law.

At a pre-trial hearing of this cause, it was stipulated by counsel that the issue to be resolved by the court is the applicability of the Michigan statute, and that if the court should find the Michigan statute inapplicable, judgment for plaintiff would follow.

■ Under Alabama law a mortgagee has the right to sue on the note evidencing the debt for which the mortgage was given, or for a deficiency following foreclosure.

■ In Continental Casualty Company v. Brawner, 227 Ala. 98, 148 So. 809, the Court held that even though the property had been purchased by the mortgagee at a grossly inadequate price it would not be a defense at law on a promissory note secured by the mortgaged property, citing Dean v. Lyde, 223 Ala. 394, 136 So. 857; Coleman v. Solomon, 225 Ala. 407, 143 So. 576; Hicks v. Dowdy, 202 Ala. 535, 81 So. 37; Barnett v. Dowdy, 207 Ala. 641, 93 So. 638. Other cases cited in plaintiff's brief are Howell v. Ward, 230 Ala. 379, 161 So. 487, and Stollenwerck v. Marks and Gayle, 188 Ala. 587, 65 So. 1024. Were this suit brought in Alabama the defense here made would be inadmissible.

In Vol. 2 of "Conflict of Laws" by Joseph H. Beale, at p. 948, it is stated: "Whether there may be a recovery of the amount by which the proceeds of a mortgaged sale are insufficient to pay the debt, called the de-

ficiency, depends upon the law of the state of situs of the land."

And in Goodrich on "Conflict of Laws", p. 402: "In the event of a deficiency remaining after foreclosure and sale, where the bond and mortgage are governed by the same law and suit is brought in another state for the deficiency, the existence and extent of the right to recover are determined by the law of the situs and contract. Recovery will thus not be limited by provisions of the internal law of the forum prohibiting deficiency judgments or restricting recovery to the difference between the debt and true value of the land, rather than the amount realized on the sale."

In Belmont v. Cornen, 48 Conn. 338, a suit was brought in Connecticut for a deficiency following foreclosure of a mortgage in New York the law of which provided that the debt be diminished by the amount realized from the sale, while under the Connecticut law it was to be diminished by the value of the land sold, the Court held that recovery should be in accordance with the New York law.

In 136 A.L.R., on p. 1059, where the situation presented here is fully discussed in the annotation, it is stated: "If the right to recover a deficiency is not prohibited by the law of the situs of the mortgaged property and the situs of the contract of mortgage indebtedness, the state of the forum has no interest in denying such right to deficiency allowed by the law of the situs, and will, generally speaking, give effect to that right even though by a local statute the right to recover the deficiency is denied absolutely or conditionally (Such statutes being ordinarily construed as having reference to deficiencies arising from foreclosure of mortgages on property within the state. — * * *)." Citing cases. "Unless the policy behind such statute is regarded as a fundamental part of the public policy of the state, which will be violated by the enforcement of the right to deficiency, even one arising from a foreclosure without the state." See Bullington v. Angel, 220 N.C. 18, 16 S.E.2d 411, 136 A.L.R. 1054.

In the Bullington case the North Carolina statute barred any suits for deficiency on mortgage foreclosures. After the Supreme

Court of North Carolina upheld the statute the mortgagee filed suit for the deficiency in the Federal District Court in North Carolina and obtained judgment which was affirmed by the Circuit Court of Appeals, 4 Cir., 150 F.2d 679. An appeal was granted and the Supreme Court of the United States, in Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, held that the decision of the North Carolina Supreme Court was res adjudicata, inasmuch as the mortgagee filed no appeal for certiorari to the Supreme Court of the United States, and that therefore he was foreclosed from relitigating the same issue in the federal court. Justice Frankfurter, who delivered the opinion of the court, said, 330 U.S. at page 187, 67 S.Ct. at page 659, 91 L.Ed. 832, "That the adjudication of federal questions by the North Carolina Supreme Court may have been erroneous is immaterial for purposes of res judicata."

And in a case decided by the Michigan Supreme Court in 1938, Annis v. Pilkewitz, 287 Mich. 68, on page 77, 282 N.W. 905, at page 908, the court stated: "The substantive provisions of a contract, valid by the law of the State where the contract is made and is to be performed, create a right of property enforceable in another jurisdiction provided it is not contrary to the public policy of the forum. Seamans v. Temple Co., 105 Mich. 400, 63 N.W. 408, 28 L.R.A. 430, 55 Am.St.Rep. 457; Curtis v. Mueller, 184 Mich. 148, 150 N.W. 847. Refusal of courts in other jurisdictions than the place of contract to enforce such provisions is a violation of the full faith and credit clause of the Federal Constitution. U.S.Const., Art. 4, (1)."

 In determining contractual rights on obligations, courts look to intention of parties. A contract is presumed to be made with reference to the law of place where it was entered into unless it appears that contract was entered into in good faith with reference to law of some other state. Deaton v. Vise et al., 186 Tenn. 364, 210 S.W. 2d 665. No claim is made here that the contract was entered into with reference to the law of a state other than Alabama.

 Where, as here, the Michigan statute provides that in determining the amount of deficiency the fair market value of the property at the time of the sale, and not the amount for which the property was actually sold at the foreclosure sale, shall be considered, such a statute has been held designed for protection of mortgagers owning property within the state, and not for the protection of mortgagers owning property without the state. Provident Savings Bank and Trust Company v. Steinmetz, 1936, 270 N.Y. 129, 200 N.E. 669; Porte v. Polachek, 1934, 150 Misc. 891, 270 N.Y.S. 807; Harris v. Metropolitan Casualty Insurance Company, 1935, 156 Misc. 692, 282 N.Y.S. 449; Franklin Society v. Weseman, 1937, 162 Misc. 109, 293 N.Y.S. 909; Fidelity—Banker's Trust Company v. Little, 1935, 178 S.C. 133, 181 S.E. 913.

A California court, in Felton v. West, 1894, 102 Cal. 266, 36 P. 676, 677, which had before it a similar situation, said, "We cannot assume that the authors of this (Oregon) legislation attempted to establish a procedure for the foreclosure of mortgages upon realty situated in other states."

The above and other cases are collated in the annotation already referred to in 136 A.L.R. beginning at p. 1059. This annotation concludes with the following statement: "The general question as to whether and to what extent the courts of one state may decline, on the ground of local public policy or local statute, to enforce a foreign-acquired right, without violating the constitutional provision as to full faith and credit, is treated in annotation in 134 A.L.R. 1472, supplementing earlier annotations in 74 A.L.R. 710 and 100 A.L.R. 1143, to which annotation reference is here made for a discussion of the tests, which the U. S. Supreme Court has applied in the finding, the extent to which the courts are entitled, under the principles of comity to decline enforcement of foreign-acquired rights without infringing the full faith and credit provision."

Briefs of counsel indicate an absence of any decision by the Michigan Supreme Court on the specific issue presented here. Nor have I been able, in an independent search of the law on this question, to find any such decision of the Michigan Supreme Court, other than the statement already

quoted from the Annis v. Pilkewitz case, supra.

In 134 A.L.R. 1472, p. 1473, it is said: "A third class of cases in which recognition of the law of the situs of the contract or other elements of the transaction has been required comprises cases in which a right validly acquired under the law of the situs is set up by way of defense to an action in the forum the law of which is opposed or contrary to the defense of matter. In such cases the requirement of the full faith and credit provisions is aided by the due process and contract provisions of the Constitution, to bring about recognition of the foreign law, since enforcing the contract or other right stripped of the defensive provision valid under the applicable law would be making a new and different contract or creating a new and different right, which amounts to taking of property without due process of law, or to violation of contract."

And on p. 1474 of the annotation: "And conversely, the full faith and credit provision requires recognition and enforcement of the law of another state to which most of the elements of the transaction in the litigation are referable, in subordination of a statute or public policy of the forum having no connection within the state with persons, property and events in the litigation, citing John Hancock Mutual Life Insurance Co. v. Yates, (1936), 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106, and other cases."

In John Hancock Mutual Life Insurance Co. v. Yates, supra, the Court held that: "Where a contract of life insurance is made wholly in and subject to the laws of one State, the law of another State can not determine the substantive rights created by the contract."

■ The right of recovery of a deficiency judgment on the basis of the promissory note here involved is a substantive right acquired by the plaintiff as a result of the contract made between the parties in the State of Alabama. The law of the jurisdiction in which the relief is sought controls only as to matters pertaining to remedial, as distinguished from substantive rights. 15 C.J.S., Conflict of Laws, § 22, p. 948.

■ As an exception to the general rule that the lex fori controls the remedy and procedure, it has been held that, in the absence of intervening domestic interests, the lex loci will govern the remedy when the foreign remedy is so inseparable from the cause of action that it must be enforced to preserve the integrity and character of the cause and when such remedy is practically available. 15 C.J.S., Conflict of Laws, § 22, p. 949.

■ Under the authorities cited and quoted plaintiff is entitled to judgment on the basis of the amount evidenced by the promissory note, less all sums paid on the note or received upon foreclosure of all the property given as collateral to secure the payment of the indebtedness, with interest.