41890. GOODMAN v. NADLER et al.

ARGUED APRIL 5, 1966—DECIDED APRIL 15, 1966.

494

*George & George, William V. George,* for appellant.
*Parks & Eisenberg, David S. Eisenberg,* for appellees.

DEEN, Judge. ■ It appears from the record that the mortgage deed was signed by the Nadlers in Georgia. "Where a contract is made in one State to be performed in another, the laws of the latter State will govern as to the validity, nature, obligation, and construction of the contract, where they are duly pleaded and proved, and such laws will be enforced by comity in this State unless they are contrary to public policy or prejudicial to the interests of this State." *Pratt v. Sloan*, 41 Ga. App. 150 (152 SE 275). This action involves an obligation to pay created and subject to enforcement under the laws of Florida. The real estate was located in Florida, the mortgage was necessarily foreclosed in Dade County, and whether or not the obligors are liable for the balance due after such foreclosure cannot be said to be a matter of procedure only. It is contended that since the action for deficiency judgment is brought in Georgia, the provisions of *Code* § 37-608 regarding confirmation of foreclosure sales under powers of sale contained in security deeds should apply to bar this action for deficiency judgment. "[N]o action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval and obtains an order of confirmation and approval thereof." However, the statute is obviously drawn so as to apply only to foreclosure sales in Georgia. There are no "superior courts" in Florida, where the land was situated and where the action was necessarily commenced. "It is axiomatic to say that no law has any effect of its own beyond the limits of the sovereignty from which its authority is derived." *Clark v. Baker*, 186 Ga. 65, 76 (196 SE 750). In Florida, obtaining a deficiency judgment at the time of the foreclosure proceedings is discretionary with the judge of the court in which the proceedings are instituted, but failure to apply for and obtain such judgment does not preclude a separate action on the common law right, which the creditor has unless otherwise restricted by statute. 37 Am. Jur. 240, Mortgages, § 864. There was quite properly no attempt made to secure a deficiency judgment in Florida because the defendants, who were residents of Georgia, were not personally

served and did not appear and defend. Georgia has held that a motion to set aside a judgment confirming the sale will lie where there has been no service (*DuPree v. Turner*, 99 Ga. App. 332 (108 SE2d 171)), and Florida has held that the denial of such a decree has no effect on a subsequent suit for the deficiency where the denial was based on jurisdictional grounds. The plaintiff is not barred, under these circumstances, from bringing the action in personam in the county of the defendants' residence because of any requirement contained in *Code* § 37-608.

■ The only other ground on which it could be held that the plaintiff is foreclosed from his remedy is that of public policy. Where the question has arisen in other jurisdictions it has generally been held that recovery of a deficiency judgment otherwise allowable under the law of the situs of the mortgaged property and the contract indebtedness which it secures is not violative of the public policy of the state of the forum on grounds of public policy although contrary to the rule in effect in such state. 136 ALR, Anno., p. 1057 et seq. See generally Provident Savings Bank & Trust Co. v. Steinmetz, 270 N.Y. 129 (200 NE 669); Porte v. Polachek, 270 NYS 807 (150 Misc. 389); Harris v. Metropolitan Cas. Ins. Co., 282 NYS 449 (156 Misc. 692); Franklin Soc. v. Wesman, 293 NYS 909 (162 Misc. 109); Fidelity Bankers' Trust Co. v. Little, 178 S. C. 133 (181 SE 913); Conn. Mutual Life Ins. Co. v. Conley, 194 Minn. 41 (259 NW 390); Continental Bank & Trust Co. v. Scotch Presbyterian Church, 64 NYS2d 27. The strongest ground of public policy which occurs for the enforcement of statutes requiring confirmation in foreclosure proceedings is to protect the debtor from being subjected to double payment in cases where the property was purchased for a sum less than its market value. *Code* § 37-609 requires that evidence satisfactory to the court of the true market value of the property is a condition precedent to the confirmation. We reach the same conclusion on an action in Georgia based on a Florida judgment and applying Florida law, for in Florida a nonresident mortgagor not personally served in the foreclosure proceeding is not bound by the amount brought in at the foreclosure sale, but may offer evidence to show the true value of the property. The tradi-

tional test used in determining whether the public policy of the forum prevents the application of otherwise applicable conflict-of-laws principles was well expressed by Justice Cardozo in Loucks v. Standard Oil Co. of N.Y., 224 N.Y. 99 (120 NE 198), to the effect that foreign law will not be applied if it "would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal." No such reason exists here.

The trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*