**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,**

v.

**HOOVER–MORRIS ENTERPRISES, Etc. et al., Defendants-Appellants.**

No. 80–7308.

United States Court of Appeals,
Fifth Circuit.
Unit B

April 15, 1981.

Rehearing Denied May 26, 1981.

Robertson, Williams, Duane, Lewis, Briggs & Ranson, John C. Briggs, Orlando, Fla., for defendants-appellants.

Hansell, Post, Brandon & Dorsey, Thomas E. Prior, Lowell H. Hughe, Atlanta, Ga., for plaintiff-appellee.

Before FAY and HATCHETT, Circuit Judges, and GROOMS,* District Judge.

GROOMS, District Judge:

This is an appeal from a summary judgment granted in favor of plaintiff Federal Deposit Insurance Corporation (FDIC) and against defendants Hoover-Morris Enterprises, a Georgia general partnership, Duane L. Hoover and Larry C. Morris. We affirm on all grounds.

On October 8, 1974, appellants executed a note secured by a deed of trust in favor of Hamilton Mortgage Corporation in the amount of $325,000, due and payable on May 1, 1975. The proceeds of the loan were used primarily to purchase 36.05 acres of land in Bexar County, Texas. Appellants defaulted.

In October 1975, Hamilton Mortgage conveyed an undivided 85.43% interest in the note and deed of trust to Hamilton National Bank of Chattanooga. Thereafter the Comptroller of the Currency declared the

bank insolvent, and the FDIC as receiver sold its assets, including the note, to FDIC as liquidator. Four days later Hamilton Mortgage became a bankrupt, and its trustee transferred the remaining 14.57% interest in the note and deed of trust to FDIC.

After an appraisal, the land was sold at foreclosure to FDIC as the highest bidder, for $308,000.00. On October 18, 1978, FDIC filed suit in the Northern District of Georgia to recover the deficiency. The court granted FDIC's motion for summary judgment in the principal amount of $202,626.56, plus attorney's fees, interest and court costs.

█ The main question on appeal is whether appellants have a right to a hearing on the issue of market value of the land in Texas sold at foreclosure, where no such right exists in Texas.[1]

Appellants contend that no deficiency judgment can be had against them because the sale of the Texas property was not confirmed as required by Georgia Code Ann. § 67–1503.

On the issue of confirmation, *Tally v. Atlanta National Real Estate Trust*, 146 Ga.App. 585, 246 S.E.2d 700 (1978); *Colodny v. Krause*, 141 Ga.App. 134, 232 S.E.2d 597 (1977); and *Goodman v. Nadler*, 113 Ga. App. 493, 148 S.E.2d 480 (1966), control. The cases hold that confirmation is not required where the land is not in Georgia. Appellants' attempt to distinguish the holdings in those cases on that issue is not convincing. It is true that in *Goodman*, supra, there was an opportunity to relitigate the value of the foreign property, since the defendants there had not been personally served in the Florida foreclosure. *Goodman* holds that value could be shown, where it could be shown in Florida, the place where the foreclosure was held. As noted Texas law is different from the Florida law considered in *Goodman*. Therefore, the

---

* District Judge of the Northern District of Alabama, sitting by designation.

1. Texas does not appear to afford an opportunity for the mortgagor to contest the foreclosure sale price. In *Packer v. First Texas Savings Association of Dallas*, 567 S.W.2d 574, 575

(Tex.Civ.App.1978), it was explained that "the rule is well established that mere inadequacy of consideration is not grounds for setting aside a trustee's sale if the sale was legally and fairly made." [Citation omitted]

court was correct in holding that value was not an issue and that no confirmation hearing was necessary since the land was not in Georgia and the foreclosure was not held there.

■ Appellants also contend that the court erred in ruling that 12 U.S.C. § 1823(e)[2] precluded them from asserting a settlement or an accord and satisfaction with the payee of the note, Hamilton Mortgage, by virtue of an agreement whereby the latter agreed not to seek a deficiency against them. This they urge presents a valid defense in a deficiency action brought by FDIC, the subsequent purchaser of the note.

Appellants admit in brief that the agreement was never specifically reduced to writing. While Hamilton Mortgage and appellants apparently did agree to a satisfaction of the indebtedness by deed in lieu of foreclosure, appellants never consummated the settlement by delivery of the deed to Hamilton Mortgage. Over four months after FDIC acquired Hamilton National Bank's interest in the note, appellants offered FDIC a deed to the Texas property. FDIC rejected the deed and returned it to appellants.

■ Acting pursuant to specific powers granted by the first paragraph of 12 U.S.C. § 1823(e), FDIC purchased a number of assets of the failed Hamilton National Bank, including the note in question, to facilitate the sale of assets to and assumption of liabilities of Hamilton National by the First Tennessee National Bank. In 1950 Congress added a second paragraph to 12 U.S.C. § 1823(e) which protects FDIC from secret agreements, and because of this protection it can rely upon the records of the bank in purchasing assets. *Federal Deposit Ins. Corp. v. First Mortgage Inv.*, 485 F.Supp. 445, 451 (E.D.Wis.1980).

Appellants further contend that this statute applies only to side agreements between the debtor and the bank itself. In this case, the side agreement was between appellants and Hamilton Mortgage and not the bank. The language of the statute is all encompassing; any agreement is subject to the statute if it tends to defeat or diminish FDIC's rights in an asset purchased under authority of § 1823. *Federal Deposit Ins. Corp. v. First Mortgage Inv.*, supra. See also *Federal Deposit Ins. Corp. v. Waldron*, 472 F.Supp. 21, 25 (D.S.C.1979); *Federal Deposit Ins. Corp. v. Vogel*, 437 F.Supp. 660 (E.D.Wis.1977).

Apart from the protection against side agreements provided by § 1823(e), FDIC is protected under federal common law as announced in *D'Oench, Duhme & Co. v. F.D.I.C.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). In *D'Oench* the Supreme Court held that a defendant would not be allowed to assert as a defense to a claim by FDIC that a written document which is valid on its

---

**2.** "(e) Whenever in the judgment of the Board of Directors such action will reduce the risk or avert a threatened loss to the Corporation and will facilitate a merger or consolidation of an insured bank with another insured bank, or will facilitate the sale of the assets of an open or closed insured bank to and assumption of its liabilities by another insured bank, the Corporation may, upon such terms and conditions as it may determine, make loans secured in whole or in part by assets of an open or closed insured bank, which loans may be in subordination to the rights of depositors and other creditors, or the Corporation may purchase any such assets or may guarantee any other insured bank against loss by reason of its assuming the liabilities and purchasing the assets of an open or closed insured bank. Any insured national bank or District bank, or the Corporation as receiver thereof, is authorized to contract for such sales or loans and to pledge any assets of the bank to secure such loans.

"No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank."

face, is modified by a secret agreement.[3] Moreover, *D'Oench* has been applied where the side agreement was between the obligor and a party other than the insolvent bank. Several recent unreported cases have dealt specifically with the issue of whether § 1823(e) applies to protect FDIC from all side agreements, including those between the obligor and a third party.[4]

Under the statute and the cases referred to, appellants are precluded from proving the unwritten side agreement in question. The fact that they dealt with Hamilton Mortgage, rather than the insolvent bank is of no consequence.[5]

As the lower court correctly held the "... defendants fall on the first requirement of a sufficient defense to the FDIC's claim under 12 U.S.C. § 1823(e): that the agreement which constitutes such a defense 'shall be in writing.'"

Aside from federal law, the defense of accord and satisfaction as the trial court held has no merit because under Georgia law, the original cause of action under the note was never extinguished since the accord was never executed. *Hoffman v. Franklin Motor Car Co.*, 32 Ga.App. 229, 235–236, 122 S.E. 896 (1924); and Georgia Code Ann. § 20–1201, *et seq.*

The court did not err in granting summary judgment. There was no genuine issue as to a material fact, respecting the fair market value of the foreclosed property. Fair market value was not a potential issue in this deficiency judgment case and furthermore, as the court pointed out, that other than a denial that $308,000 was the

fair market value, appellants provided the court with nothing to support their denial.

For the above reasons, we AFFIRM the district court's order granting summary judgment.

---

**3.** The court's decision was subsequently codified and expanded in 12 U.S.C. § 1823(e).

**4.** See *Federal Deposit Ins. Corp. v. C & A Carbone, Inc.*, No. 77–C–1191 (S.D.N.Y., April 13, 1978), where the court stated:

> The crux of the *D'Oench Duhme Doctrine* is the public policy of preventing a secret agreement from being used as a defense to a claim based upon a written instrument by the FDIC. There is no requirement either in the case law or the statute for the party to have dealt directly with the Bank. *Id.* at 3.

See *Thompson and Abbott v. Federal Deposit Ins. Corp.*, No. 478–Cv–133 and No. 478–Cv–174 (S.D.Ga., January 11, 1980); *Howell v.*

*Continental Credit Corp.*, No. 76–C–4542 (N.D. Ill., October 16, 1979).

**5.** In the following cases, although the issue was not specifically raised, the court in each case applied § 1823(e) to protect FDIC from side agreements between the debtors and a third party, which happened to be the Hamilton Mortgage Corporation here involved. *Federal Deposit Ins. Corp. v. Smith*, 466 F.Supp. 843 (N.D.Ga.1979); *Federal Deposit Ins. Corp. v. Allen*, No. 78–592A (N.D.Ga., June 21, 1979) [R.233]; *Austin v. Federal Deposit Ins. Corp.*, No. 1–78–33 (E.D.Tenn., September 27, 1979) [R.334].