**FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation organized under the laws of the United States of America, in its corporate capacity, Plaintiff,**

**v.**

**Scott SIMON, Sheldon Shapiro, American National Bank & Trust Company, as Trustee U/T/A No. 41568, et al., Defendants.**

**No. 84 C 9698.**

United States District Court, N.D. Illinois, E.D.

April 29, 1985.

[black redaction box]

James Brennan, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for plaintiff.

Francis K. Tenant, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is plaintiff Federal Deposit Insurance Corporation's ("FDIC") motion for summary judgment in its favor and against defendants Scott Simon, Sheldon Shapiro, American National Bank & Trust Company, as Trustee U/T/A No. 41568, L & S Management, and 3338 North Lincoln Building Service (collectively referred to herein as the "Principal Defendants") on Counts I through V of the FDIC's Complaint.

Since the Principal Defendants have failed to respond to plaintiff's motion, the following facts are assumed to be true for purposes of this motion pursuant to Rule 12(f) of the Local Rules for the United States District Court for the Northern District of Illinois.

## I. FACTS

1. Washington National Bank of Chicago (the "Bank") was a banking association organized and existing under the laws of the United States prior to May 18, 1984. Affidavit of Paul Michaels ("Affidavit") at ¶ 2.

2. On or about May 18, 1984, the office of the Comptroller of the Currency (the "Comptroller") determined that the Bank was insolvent. Affidavit at ¶ 3.

3. Pursuant to 12 U.S.C. § 191 and 12 U.S.C. § 1821(c), the Comptroller ordered the Bank closed and took possession of its assets and affairs and tendered to the FDIC the appointment as Receiver of the Bank. Affidavit at ¶ 4.

4. Pursuant to 12 U.S.C. § 1821(c), the FDIC accepted appointment as Receiver of the Bank as tendered by the Comptroller (Affidavit, ¶ 5).

5. The FDIC, in its corporate capacity, and as authorized by 12 U.S.C. § 1823(c)(2)(A), purchased from the Receiver certain assets of the Bank. Among the assets acquired from the Receiver by the FDIC, in its corporate capacity, were the notes, mortgages, assignments and other instruments, claims and interests alleged in the Complaint of the FDIC in this case and attached thereto as Exhibits A through E. Affidavit at ¶ 6.

6. On February 11, 1983, the Bank loaned Defendants Simon, Shapiro, and American National Bank & Trust Company, as Trustee, the sum of $100,000 (the "Loan"). Agreed Statement of Counsel ("Agreed Statement") at ¶ 2.

7. The Loan was evidenced by the promissory notes attached to the FDIC's Complaint as Exhibits B-1 and B-2. Agreed Statement at ¶ 3.

8. The Loan was secured by a mortgage (the "Mortgage"). A true and exact copy of the Mortgage is attached to the Agreed Statement of Counsel as Exhibit 1. The property to which the Mortgage attached is described on the Mortgage and in the FDIC's Complaint. Agreed Statement at ¶ 4. The Mortgage created a valid and duly perfected lien on the foregoing real estate in favor of the Bank. Complaint and Answer at ¶ 11.

9. Legal title to the real estate is held by American National Bank & Trust Company, as Trustee U/T/A No. 41568. Complaint and Answer at ¶¶ 9 and 11. Defendants Scott Simon and Sheldon Shapiro are the sole beneficiaries of that land trust. Complaint and Answer at ¶¶ 9 and 13. Simon and Shapiro executed and delivered an Assignment Under Land Trust in favor of the Bank to further secure the indebtedness evidenced by the Note. Agreed Statement at ¶ 5. A true and exact copy of the Assignment Under Land Trust is attached to the FDIC's Complaint as Exhibit C. *Id.*

10. As further collateral for the indebtedness evidenced by the Note, American National Bank & Trust Company, as Trustee, executed and delivered an Assignment of Rents. Agreed Statement at ¶ 5. A true and exact copy of the Assignment of Rents is attached to the FDIC's Complaint as Exhibit D. *Id.*

11. The Note recites that the maturity date on the indebtedness evidenced thereby is no later than February 11, 1984. Exhibits B–1 and B–2 to the Complaint.

12. The Principal Defendants' defense to the FDIC's claims is their allegation that, at the time the Note, the Mortgage and the foregoing Assignments were executed, they had a verbal agreement with an officer of the Bank that the term of the Loan would be two years instead of one year, and that the Loan would be renewed for additional two-year periods provided that the Principal Defendants still owned the property which secured the Loan and had made all payments under the Loan. Agreed Statement at ¶ 7.

13. The unpaid principal balance of the indebtedness evidenced by the Note is $99,924.66. Affidavit at ¶ 9.

14. The unpaid interest which has accrued on the Note is $12,413.25 through January 28, 1985; and interest will accrue thereafter at a *per diem* rate of $39.696 subject to future adjustments in the prime rate. Affidavit, ¶ 9. No payments have been made on the Note since May 12, 1984. Agreed Statement, Exhibit 2.

15. The records of the Bank do not contain a writing executed by the Bank or any of the Principal Defendants which provides that the term of the Note would be for two years, or that it would be renewed for additional two-year periods provided that the Principal Defendants still owned the property which secured the Loan and had made all payments under the Loan. Affidavit at ¶ 7. In addition, the minutes of the loan committee of the Bank and the minutes of the Bank's board of directors do not reflect that they approved such an agreement. Affidavit at ¶ 8.

16. On February 21, 1984, Defendant Scott Simon executed and delivered to the Bank a promissory note, a true and exact copy of which is attached to the FDIC's Complaint as Exhibit E. The Note evidenced a renewal of a prior note for $4,000, the proceeds of which Defendant Scott Simon received and used as working capital for his business. On April 17, 1984, Simon paid the Bank the sum of $500 to reduce the principal on the debt to $3,500. No payment has been made since that date. Agreed Statement at ¶ 10; Affidavit at ¶ 12.

17. The unpaid principal balance of the indebtedness evidenced by the foregoing note of Defendant Scott Simon is $3,500. Agreed Statement at ¶ 10; Affidavit at ¶ 12.

18. The unpaid interest which has accrued on the note of Defendant Scott Simon through January 23, 1985, is $526.20; and interest will accrue thereafter at a *per diem* rate of $1.39 subject to future adjustments in the prime rate. Affidavit at ¶ 12.

19. The records of the Bank do not contain a writing executed by the Bank and Defendant Scott Simon which provides that the note of Defendant Scott Simon would not be due in full on May 21, 1984, or which provides that the note would be renewed for any additional period under any circumstances. Affidavit at ¶ 10. In addition, the minutes of the loan committee of the Bank and the minutes of the Bank's board of directors do not reflect that they approved such an agreement. Agreed Statement at ¶ 11.

## II. DISCUSSION

The Principal Defendants have raised three affirmative defenses in their Answer. Affirmative Defense No. 1 (alleged Truth-in-Lending violations by the Bank) has been abandoned due to defendants' failure to respond to plaintiff's motion for summary judgment. *See* Agreed Statement at ¶ 9.

Affirmative Defenses Nos. 2 and 3 relate to the alleged verbal agreements between defendants and an officer of the Bank. In their Answer, the Principal Defendants

deny that the Note is in default and that the debt is presently due and owing. The sole basis for defendants' denial is their contention that, when the Note, the Mortgage and the Assignments were executed and delivered to Washington National Bank, defendants had a verbal agreement with an officer of Washington National Bank that the term of the Loan would be for two years instead of one year, and that the Loan would be renewed for additional two-year periods provided that defendants still owned the property which secured the Loan and made all payments under the Loan. Defendants therefore contend that the maturity date of the Loan is February 11, 1985, rather than the February 11, 1983 due date recited in the Note. Plaintiff argues that, even assuming the truth of these verbal agreements, summary judgment is appropriate in its favor.

In *D'Oench, Duhme & Co. Inc. v. F.D.I.C.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), the Supreme Court ruled that a secret verbal agreement not disclosed by a bank's records is not available as a defense in a suit by the FDIC to recover on a note acquired by the FDIC from an insured bank. Congress later expanded the ruling in *D'Oench* by enacting 12 U.S.C. § 1823(e), which provides as follows:

No agreement which tends to diminish or defeat the right, title or interest of the [Federal Deposit Insurance] Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

The requirements of § 1823(e) and the holding in *D'Oench* have been applied in numerous cases to reject defenses based on alleged verbal side agreements which contradict the terms of instruments contained in a failed bank's records. *See, e.g., F.D.I.C. v. Jesus Velez*, 678 F.2d 371 (1st Cir. 1982); *F.D.I.C. v. Hoover-Morris Enterprises*, 642 F.2d 785 (5th Cir.1981); *F.D.I.C. v. Powers*, 576 F.Supp. 1167 (N.D.Ill. 1983), *aff'd*, 753 F.2d 1076 (7th Cir.1984); *F.D.I.C. v. Leach*, 525 F.Supp. 1379 (E.D. Mich.1981); *F.D.I.C. v. Robuck Co., Inc.*, 479 F.Supp. 323 (D.S.C.1979); and *F.D.I.C. v. Rosenthal*, 477 F.Supp. 1223 (E.D.Wis. 1979), *aff'd*, 631 F.2d 733 (7th Cir.1980).

The policy reasons behind § 1823(e) and *D'Oench* are clear. The FDIC relies on a failed bank's records to appraise the worth and collectibility of its assets. *See F.D.I.C. v. Powers*, 576 F.Supp. 1167, 1171 (N.D.Ill. 1983). Essential to that appraisal process in the FDIC's ability to make an orderly and dependable assessment of the failed bank's assets. *F.D.I.C. v. First Mortgage Investors*, 485 F.Supp. 445, 451 (E.D.Wis. 1980). Section 1823(e) "operates to insure that the FDIC, when it expends moneys intrusted to it to purchase assets of a closed insured bank, can rely on the bank's records and will not be risking an impairment of the assets through an agreement not contained in the bank's records." *F.D.I.C. v. Willis*, 497 F.Supp. 272, 277–78 (S.D. Ga.1980), (*quoting F.D.I.C. v. Vogel*, 437 F.Supp. 660, 663 (E.D.Wis.1977)).

The FDIC's ability to make such an orderly and dependable assessment of a failed bank's assets is particularly important in cases like the present case where the FDIC, as receiver of a failed bank, deems it appropriate to protect the depositors of the failed bank by selling, within a very short period of time, the desirable assets of the failed bank to another bank under a purchase and assumption agreement, and selling the remaining assets to the FDIC in its corporate capacity. *See generally F.D.I.C. v. Hoover-Morris Enterprises*, 642 F.2d 785, 787 (5th Cir.1981); *F.D.I.C. v. Citizens Bank & Trust Co.*, 592

F.2d 364, 365–66 (7th Cir.1979); *F.D.I.C. v. Leach,* 525 F.Supp. 1379 (E.D.Mich.1981); and *F.D.I.C. v. First Mortgage Investors,* 485 F.Supp. 445 (E.D.Wis.1980). If the FDIC had to concern itself with verbal side agreements not disclosed by the failed bank's records or which otherwise did not meet the requirements of Section 1823(e), its appraisal of the worth and collectibility of the failed bank's assets could not be performed promptly, efficiently, and with certainty.

In this case, the Principal Defendants admit that the alleged side agreements upon which they base their defenses to the FDIC's claims were oral. Therefore, those alleged agreements cannot meet the requirements of § 1823(e)(1) and (e)(2) that the agreement be in writing and signed by the bank. This fact alone renders defendants' affirmative defenses legally insufficient to defeat the FDIC's claims. In addition, the minutes of the Bank's board of directors and of its loan committee do not reflect that any alleged verbal agreements were approved by the Bank's board of directors or its loan committee. Thus, the alleged side agreements also fail to satisfy the requirements of Section 1823(e)(3), and are invalid and unenforceable as defenses to the FDIC's claims.

Defendants have failed to offer any facts which would entitle them to avoid the application of § 1823(c). In *Howell v. Continental Credit Corp.,* 655 F.2d 743 (7th Cir.1981), the court held that "where the document the FDIC seeks to enforce is one ... which facially manifests *bilateral* obligations ...," the defendant may present evidence outside of the documents to establish a defense. *Id.* at 746. In this case, however, the documents involved do not manifest bilateral obligations consistent with defendants' proffered defenses. Neither do defendants present any fraud claims which would entitle them to relief from § 1823(c). *See Gunter v. Hutcheson,* 674 F.2d 862 (11th Cir.1982).

### III. CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is granted.

Judgment is hereby entered in favor of plaintiff and against Defendants Scott Simon, Sheldon Shapiro, and American National Bank & Trust Company as Trustee U/T/A No. 41568, in the amount of $99,-924.66 for principal due and unpaid on the promissory notes which are the subject of Count III of the FDIC's Complaint; plus the amount of $12,413.25 for interest accrued thereon through January 23, 1985; plus such additional interest which accrues thereafter at a *per diem* rate of $39.696 (subject to future adjustments in the prime rate of interest). Additionally, judgment is entered in favor of plaintiff and against Defendant Scott Simon in the amount of $3,500 for principal due and unpaid on the promissory note which is the subject of Count V of the FDIC's Complaint; plus the amount of $526 for interest accrued thereon through January 23, 1985; plus such additional interest which thereafter accrues at a *per diem* rate of $1.39 (subject to future adjustments in the prime rate). As to the interests of the Principal Defendants only, the FDIC is entitled to proceed to a sale of the collateral described in Counts I, II and IV of the FDIC's Complaint. Finally, plaintiff is given leave to file, within 30 days of entry of this Order, an affidavit setting forth its attorneys' fees, costs, and expenses which it is entitled to recover pursuant to the provisions of notes, mortgage and other collateral documents described in the Complaint. Defendants shall have 14 days thereafter to respond.

IT IS SO ORDERED.