**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, acting in its corporate capacity, Plaintiff,**

v.

**WYNDWARD PINES, INC., et al., Defendants.**

**No. 88–132–Civ–FtM–15A.**

United States District Court, M.D. Florida, Fort Myers Division.

Feb. 8, 1989.

David H. Flint, Schreeder, Wheeler & Flint, Atlanta, Ga., for plaintiff.

Stephen J. Chase, Sarasota, Fla., for defendants.

## ORDER

CASTAGNA, District Judge.

This matter is before the Court on several pending motions and their respective responses.

The plaintiff Federal Savings and Loan Insurance Corporation (FSLIC) has filed a motion to strike certain affirmative defenses filed by defendant Wyndward Pines, Inc. (Wyndward), alleging that several of Wyndward's affirmative defenses are precluded by the rule announced in *D'Oench,*

*Duhme & Co. v. F.D.I.C.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). In *D'Oench*, the Supreme Court held that a maker of a note is estopped from asserting as a defense to repayment a failure of consideration or other oral side agreements which would be likely to mislead banking authorities. *Id.* at 460, 62 S.Ct. at 680–81. The *D'Oench* rule has been extended to bar defenses based on alleged agreements of joint venture or continued financing, *see F.D.I.C. v. Simon*, 607 F.Supp. 1254 (D.C. Ill.1985), as well as defenses based on fraud in the inducement or other side agreements or representations. *See Langley v. F.D.I.C.*, 484 U.S. 86, ——, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987). In addition, the Court in *Langley* further extended the *D'Oench* rule by holding that knowledge of any representation by the F.D.I.C. prior to acquiring the note is irrelevant to application of the *D'Oench* rule.[1]  *Id., see also F.D.I.C. v. Investors Associates X, LTD.*, 775 F.2d 152, 154 (6th Cir.1985).

Although the *D'Oench* rule was developed in cases involving the F.D.I.C., it has also been found equally applicable to the FSLIC. *See FSLIC v. Lafayette Investment Properties, Inc.*, 855 F.2d 196, 198 (5th Cir.1988); *FSLIC v. Murray*, 853 F.2d 1251, 1254 (5th Cir.1988); *Taylor Trust v. Security Trust Federal Savings & Loan Ass'n.*, 844 F.2d 337, 342 (6th Cir.1988); *Bailey v. Metro Federal Savings and Loan Ass'n*, 642 F.Supp. 616, 623 n. 5 (W.D.La.1986). This Court agrees with the reasoning and result of these decisions and holds that the *D'Oench* rule applies to the FSLIC.

Application of the *D'Oench* rule to the present case indicates that plaintiff's position is well taken. Wyndward's affirmative defense one (fraud in the inducement), eight (an alleged failure of consideration), ten and fourteen (alleged oral side agreements), and defenses twelve and thirteen (alleged joint venture agreements) are each barred by the *D'Oench* rule because they assert a condition to repayment which does not appear in the note or related documents and thus would be likely to mislead banking authorities.

Plaintiff also asserts that Wyndward's sixth and seventh affirmative defense should be stricken. The factual record at this point is insufficiently developed to find plaintiff's requested relief appropriate.

The defendant Wyndward has also filed a motion for leave to file second amended affirmative defenses. Because the defenses Wyndward seeks to add would be precluded by the *D'Oench* rule, the Court must deny the requested relief.

Accordingly, it is

ORDERED:

1. That the plaintiff's motion to strike (D–7) is granted and the defendant Wyndward's first, eighth, tenth, twelfth, thirteenth and fourteenth affirmative defenses are struck from the pleadings.

2. That the defendant Wyndward's motion to strike (D–5) is granted in part and plaintiff's sixth affirmative defense is struck from the pleadings. Defendant Wyndward's motion to strike (D–5) is in all other respects denied.

3. That the plaintiff shall have (10) ten days from the date of this order to file an amended answer containing its amended affirmative defense.

4. That the defendant Wyndward's motion to file second amended affirmative defenses (D–13) is denied.

5. That the defendant Wyndward's motion for substitution of party (D–15) is granted and, pursuant to Fed.R.Civ.P. 25, the FSLIC is substituted as the plaintiff and counter-defendant in this cause.

6. That the defendant Wyndward's motion to strike plaintiff's supplemental brief (D–17) is granted and the Clerk is directed to return D–12 to the party who filed it.

DONE AND ORDERED.

---

1. The Supreme Court's decision on this point in *Langley* overrules the Eleventh Circuit's determination of this issue in *Gunter v. Hutcheson*, 674 F.2d 862, 867 (11th Cir.1982), a case on which Wyndward heavily relies.