**RESOLUTION TRUST CORPORATION as Receiver For Mutual Savings & Loan Association, Appellant,**

v.

**Harry H. WHIPP, Appellee.**

**No. 2–91–281–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 16, 1992.

Opinion Modifying Judgment March 3, 1993.

370

Decker, Jones, McMackin, McClane, Hall & Bates and Randy J. Hall, Michael W. Minton, Mark S. Dugan, Fort Worth (Brown, McCarroll & Oaks Hartline and Robert W. Dupuy, Darlene Byrne, Dallas, of counsel), for appellant.

Brown, Herman, Scott, Dean & Miles, L.L.P., and Dennis M. Conrad, Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

FARRIS, Justice.

Appellant, Resolution Trust Corporation (RTC), appeals from a judgment for appellee, Harry H. Whipp, in a deficiency suit. RTC complains the trial court erred: in admitting evidence of an alleged oral side agreement to release Whipp from the 1981 note; in submitting a jury question on Whipp's defenses; and in overruling its motion for judgment non obstante veredicto. We sustain RTC's first three points, reverse the trial court's judgment, and render judgment for RTC because evidence of

the oral agreement was barred by 12 U.S.C.A. ·sec. 1823(e) (West 1989); therefore, it is unnecessary for us to address RTC's fourth and fifth points concerning evidentiary rulings.

This case arises out of a real estate mortgage note executed by Whipp, Charles C. Freeny, Jr., and W.F. Development Corporation, on February 13, 1981, in favor of Mutual Bank & Loan Association (MBLA). This note was secured by a first lien on an apartment complex.

On April 7, 1987, MBLA foreclosed.its lien because the note was in default, and purchased the property at a price substantially below the amount owing. It then sold the property to W.F. Development Corporation, financing one-hundred percent of the purchase price and the cost of improvements by note dated May 29, 1987.

Three years after the sale, RTC was appointed Receiver of MBLA's assets and these assets were then held by RTC as Conservator for Mutual Savings & Loan Association (MSLA). RTC was subsequently appointed Receiver for MSLA.

RTC, as legal owner of MSLA's assets, sued Whipp to collect an asset, the deficiency on the 1981 note. Whipp answered the suit with affirmative defenses of oral novation and accord and satisfaction, and RTC replied that these defenses were barred by 12 U.S.C.A. section 1823(e).

At the trial, over RTC's running objection, the court admitted oral evidence that the 1987 note canceled Whipp's obligation under the 1981 note.

In its first three points, RTC complains the court erred: in admitting this evidence; in submitting a jury charge on Whipp's affirmative defenses; and in overruling its

motion for judgment non obstante veredicto. The disposition of these points, and this case, depends on two interrelated issues: whether the *D'Oench* doctrine and/or 12 U.S.C.A. section 1823(e) apply, and whether RTC acquired an "asset" in the 1981 note.

Whipp argues RTC cannot properly raise the *D'Oench* doctrine as a theory for reversal on appeal because the only theory raised below was 12 U.S.C.A. section 1823(e). Because we find RTC is entitled to judgment under 12 U.S.C.A. section 1823(e), we will not address this argument.[1]

■ Section 1823(e) applies only to *assets acquired* by the RTC. By counterpoint, Whipp contends that whether RTC acquired an asset, and thus whether section 1823(e) applies, is a question of fact for the jury to decide. Because he errs in his contention, we overrule his point and hold it is a question of law for the court to decide. *FDIC v. Wright*, 942 F.2d 1089, 1097 (7th Cir.1991).

■ Because the 1981 note was not extinguished under state law, for fraud or wrongful foreclosure, it was an asset acquired by RTC. *FDIC v. Percival*, 752 F.Supp. 313, 317 (D.Neb.1990); *Olney Savings & Loan Ass'n v. Trinity Banc Savings Ass'n*, 885 F.2d 266, 274–75 (5th Cir. 1989). RTC's interest in this asset is entitled to section 1823(e) protection.[2] *Langley v. FDIC*, 484 U.S. 86, 90, 108 S.Ct. 396, 400, 98 L.Ed.2d 340, 346 (1987).

■ Because RTC has a protected interest, Whipp must satisfy all elements of 12 U.S.C.A. section 1823(e) to enforce an agreement affecting that interest.[3] Whipp failed to comply with 12 U.S.C.A. section

---

**1.** The passage of FIRREA, 12 U.S.C.A. sec. 1441a(b)(4) (West Supp.1992), made section 1823(e) applicable to the RTC. *See RTC v. Murray*, 935 F.2d 89, 93–94 (5th Cir.1991).

**2.** 12 U.S.C.A. section 1823(e) protects FDIC from secret agreements, to allow the FDIC to rely upon records of the bank in purchasing assets and such defense would preclude assertion of settlement or *accord and satisfaction* if it defeats the FDIC's rights in an asset purchased under section 1823. *FDIC v. Hoover–Morris Enterprises*, 642 F.2d 785, 788 (5th Cir.1981).

**3.** The elements of section 1823(e) are: (1) a writing; (2) executed by the depository institution and any person claiming an adverse interest thereunder, contemporaneously with the acquisition of the asset by the depository institution; (3) approved by the board of directors of the institution and reflected in the minutes; and (4) has been continuously an official record of the bank.

1823(e); therefore, we hold the trial court erred in: admitting Freeny's oral testimony to prove Whipp was no longer liable for any deficiency; submitting a jury charge on accord and satisfaction because no admissible evidence supported its submission; and in overruling RTC's motion for judgment non obstante veredicto because there existed no material fact issue. *See, e.g., Abrams v. FDIC,* 944 F.2d 307, 310 (6th Cir.1991) (no writing memorialized debtor and bank president's agreement that debtor would no longer be liable for any deficiency, therefore, the court erred in admitting oral evidence of the agreement). RTC's first through third points are sustained.

We reverse the trial court's judgment and render judgment for RTC. Costs of appeal are assessed against appellee.

### OPINION ON MODIFICATION OF JUDGMENT

Resolution Trust Corporation (RTC) has filed a motion for rehearing and a motion to modify judgment requesting that we enter judgment in its favor for the unpaid principal, pre-judgment and post-judgment interest and attorneys' fees. We grant RTC's motion to modify and modify our judgment of December 16, 1992 as follows.

Pursuant to the Texas Rules of Appellate Procedure, we award RTC the stipulated unpaid principal of One Hundred Forty-Four Thousand Four Hundred Nine and 62/100 Dollars ($144,409.62). TEX.R.APP.P. 81(c).

■ RTC's claim arises from a written contract which ascertains the sum payable within the meaning of the pre-judgment interest statute. TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987); *La Sara Grain v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 567 (Tex.1984). Therefore, RTC is entitled to pre-judgment interest. Because "[a]ll judgments of the courts of this state based on a contract that provides for a specific rate of interest earn interest at a rate equal to the lesser of: (1) the rate specified in the contract; or (2) 18 percent," we hold pre-judgment interest to be assessed at a rate of eight percent (8%), the most conservative rate under the 1981 note provisions. TEX.REV.CIV.STAT.ANN. art. 5069–1.05 (Vernon 1987). RTC is entitled to pre-judgment interest at the legal rate of eight percent per annum from the date of the loss, the foreclosure date of April 7, 1987 until the date the judgment was rendered, December 16, 1992, in the amount of Sixty–Five Thousand Seven Hundred Forty and 00/100 ($65,740.00). *See Consolidated Capital Special Trust v. Summers,* 737 S.W.2d 327, 334 (Tex.App.—Houston [14th Dist.] 1987), *rev'd on other grounds,* 783 S.W.2d 580 (Tex.1989).

■ We also hold the judgment for $144,409.62 will bear interest at the rate of eight per cent (8%) per annum from December 16, 1992, until paid. TEX.REV.CIV.STAT. ANN. art. 5069–1.05 (Vernon Supp.1993) (Section 2 does not apply to this case because it applies to judgments except as provided in section 1 and section 1 applies to this case).

■ RTC is entitled to attorneys' fees per the terms of the written 1981 note and TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986). We award RTC attorney's fees in the amount of Fifty–Two Thousand Seven Hundred Ninety–Nine and 30/100 Dollars ($52,799.30), the amount the trial court entered in its findings of fact on plaintiff's attorneys' fees.

The remaining contentions advanced by appellant in its motion for rehearing have been carefully considered and we decline to alter the foregoing opinion except as stated herein.