**NATIONAL CREDIT UNION ADMINIS-TRATION BOARD, as Liquidating Agent for Zionic Federal Credit Union, Plaintiff,**

v.

**FIRST NATIONAL BANK OF CHICA-GO, as Executor of the Estate of Robert Kent, Defendant.**

**FIRST NATIONAL BANK OF CHICA-GO, as Executor of the Estate of Robert Kent, Counter–Plaintiff,**

v.

**NATIONAL CREDIT UNION ADMINIS-TRATION BOARD, as Liquidating Agent for Zionic Federal Credit Union, Counter–Defendant,**

and

**Howard Fischer, Howard Tignor, et al., Third–Party Defendants.**

No. 85 C 4874.

United States District Court, N.D. Illinois, E.D.

May 26, 1988.

---

Julie L. Murphy, Jeffrey C. Blumenthal, Stephen A. Gorman, Kenneth M. Soldat, Foran, Wiss & Schultz, Chicago, Ill., for plaintiff.

Donald R. Brewer, Donald R. Brewer, Chtd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

In May 1985 the National Credit Union Administration Board ("NCUAB") as Liquidating Agent for Zionic Federal Credit Union ("Zionic") brought this action against Robert Kent for collection on a promissory note. In August 1985 Mr. Kent brought a third-party complaint/counterclaim against Zionic and others. In January 1986 this court denied NCUAB's motion to dismiss Count One and Three of Mr. Kent's counterclaim. Mr. Kent died and on October 24, 1986 the executor of his estate was substituted as a party to this litigation.

Before the court are (1) NCUAB's motion for summary judgment; (2) defendant's motion for summary judgment.

## BACKGROUND FACTS

The parties do not dispute the following material facts.[1] The NCUAB provides insurance for the accounts of all federal credit union depositors. 12 U.S.C. § 1781 *et seq.* Prior to June 1984 Zionic was a federal credit union. In June 1984 NCUAB determined that Zionic was insolvent, revoked its charter and placed it into involuntary bankruptcy litigation under 12 U.S.C. §§ 1766(b) and 1787(a)(1). The NCUAB became liquidating agent for Zionic.

The NCUAB, as liquidating agent, took possession of Zionic's property pursuant to 12 U.S.C. § 1766(b)(3)(A). All sums collected by the NCUAB through liquidation of Zionic's assets are being used to (1) make payments to depositors who sustained losses as a result of Zionic's insolvency; (2) pay Zionic's creditors.

When the NCUAB placed Zionic into liquidation, it acquired a promissory note executed by Mr. Kent.

Mr. Kent failed to make timely payments on the note. As of October 21, 1987 the sum of $145,394.96 was due on the note. For each day thereafter an additional $40.94 per day for per diem interest is due.

## DISCUSSION

Both parties have moved for summary judgment on the NCUAB's complaint. The NCUAB has also moved for summary judgment on defendant's counterclaim. For the reasons which follow, this court grants summary judgment in favor of plaintiff on both the complaint and counterclaim.

### 1. *Complaint*

NCUAB's complaint seeks collection of the outstanding balance plus interest on Mr. Kent's note. The defendant, in the countercomplaint and in defendant's an-

1. Plaintiff's Local Rule 12(e) Statement set forth the following facts; defendant's Local Rule 12(f) Statement did not controvert them.

swers to plaintiffs' interrogatories, alleged that Zionic agents (1) by representing that these documents were for a tax shelter agreement, fraudulently induced Mr. Kent to sign the promissory note and other documents in blank; (2) later completed the documents themselves. Defendant further alleged that, until this litigation commenced, Mr. Kent did not understand either the significance of the documents or that Zionic had completed the documents.

Plaintiff argues that it is entitled to summary judgment on its complaint because, under *D'Oench Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) defendant is precluded from asserting defenses to the NCUAB's suit for collection. Having considered the matter, this court agrees.

In *D'Oench* the Supreme Court held that a maker of a promissory note is estopped from asserting as a defense to recovery by federal banking authorities a "secret agreement" not to repay the note. 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Estoppel applies even where the maker is "very ignorant and ill-informed of the character of the transaction," where the maker did not intend to deceive and where creditors were neither deceived nor specifically injured. 315 U.S. at 458–60, 62 S.Ct. at 679–681. To invoke the *D'Oench* estoppel rule, it is sufficient that the maker "lent himself" to an arrangement whereby the banking authority was likely to be misled.[2]

Courts have applied the *D'Oench* rule to various defenses: secret agreements, usury, fraud in the inducement and failure of consideration, *FDIC v. Wood,* 758 F.2d 156, 161 (6th Cir.1985); *FDIC v. Leach,* 772 F.2d 1262, 1267 (6th Cir.1985); *FDIC v. Miller,* 671 F.Supp. 1286 (D.Kan.1987); *FDIC v. Simon,* 607 F.Supp. 1254, 1257 (D.C.Ill.1985), and in circumstances like those in the present case. *See FDIC v. Morrison, et al.,* 816 F.2d 679 (6th Cir. 1987); *FDIC v. Investors Associates X, Ltd.,* 775 F.2d 152 (6th Cir.1985); *FDIC v. McClanahan,* 795 F.2d 512 (5th Cir.1986); *FDIC v. Powers,* 576 F.Supp. 1167 (N.D.Ill. 1984) *aff'd mem.* 753 F.2d 1076 (7th Cir. 1984).

Courts have also applied the *D'Oench* rule to actions to recover on notes brought by FSLIC and the NCUAB. *See FSLIC v. Hsi,* 657 F.Supp. 1333 (E.D.La.1986); *NCUAB v. Herbert,* slip op. Nos. 85–1075, 85–1080 (E.D.Mo. July 1, 1987).

This case is similar to *FDIC v. Powers,* 576 F.Supp. 1167, *aff'd mem.,* 753 F.2d 1076 (7th Cir.1984). In *Powers* one defendant signed a blank guarantee. He presented evidence, however, that he did not intend/agree to guarantee his codefendants' obligations and that bank officers completed the guarantees. The court viewed the defendant's argument not as an attempt to deny the existence of an agreement underlying the note—which § 1823(e), *see* footnote 2, and the *D'Oench* rule would not bar—but as an attempt to assert a valid, unwritten agreement. *Powers, supra,* 576 F.Supp. at 1170. The court noted that the FDIC sued on a facially sufficient guarantee and that the defendant wished to defend "on the basis of informal, unwritten arrangements and understandings" between him and the bank. *Id.* at 1171. *See also FDIC v. Venture Contractors, Inc.,* 825 F.2d 143 (7th Cir.1987); *FDIC v. McClanahan,* 795 F.2d 512 (5th Cir.1986); *FDIC v. MidContinental Realty Corp., et al.,* 1988 U.S. Dist. LEXIS 1011 n. 2 (N.D. Ill. Feb. 8, 1988) [available on WESTLAW, 1988 WL 10635].

Similarly, in this case the NCUAB's suit is based on a facially sufficient note. De-

---

2. Congress codified *D'Oench* in 12 U.S.C. § 1823(e), which provides in relevant part that No agreement which tends to diminish or defeat the right, title or interest of the [Federal Deposit Insurance] Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

fendant is attempting to assert a private understanding between him and Zionic officials, which is not reflected in bank records, that Mr. Kent would not be held financially liable.

Finally, the promissory note at issue in this case does not facially manifest "bilateral obligations" or serve as the basis for collection thereon by the NCUAB. *Howell v. Continental Credit Corp.*, 655 F.2d 743, 746 (7th Cir.1981).

### 2. *Countercomplaint*

Plaintiff is also entitled to summary judgment on Counts One and Three of the countercomplaint. In November 1987 plaintiff moved for summary judgment on these claims. Defendant has not responded.[3] Under *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d

265 (1986) this court must grant plaintiff summary judgment, as defendant has failed to provide evidence supporting each essential element of his fraud and RICO claims.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for summary judgment on its complaint and defendant's countercomplaint are GRANTED. Defendant's motion for summary judgment is DENIED.

---

**3.** While on November 20, 1987, defendant responded to the NCUAB's motion for summary judgment on the complaint, defendant did not address the NCUAB's (separate) motion for summary judgment on the counterclaim.