NATIONAL CREDIT UNION ADMINIS-
TRATION BOARD as liquidating agent
for Amalgamated Taxi Federal Credit
Union, Plaintiff,

v.

Jean A. RAPHAEL, Defendant.

No. 92 CV 5489.

United States District Court,
E.D. New York.

Dec. 27, 1994.

Heller & Rosenberg, P.C. (Darren T. Kaplan, of counsel), Garden City, NY, for plaintiff.

William J. Rita, New York City, for defendant.

MEMORANDUM AND ORDER

NICKERSON, District Judge:

Amalgamated Taxi Federal Credit Union ("Amalgamated") brought this action in New York State Supreme Court alleging that defendant defaulted on a promissory note (the "Note"). Subsequently, the National Credit Union Administration Board (the "Board") placed Amalgamated into liquidation, appointed itself as liquidating agent, and removed the action to this court.

The Board as Liquidating Agent for Amalgamated ("plaintiff") now moves for sum-

mary judgment and reasonable attorney's fees and costs.

## I

The parties do not contest the following pertinent facts.

On December 10, 1987, defendant, by executing and delivering the Note, borrowed $35,425.50 from Amalgamated and agreed to repay the loan in monthly installments beginning January 9, 1988. He has not made any payments.

The Note provides for interest at an annual percentage rate of 15% and states:

If I'm in default under this note and you demand full payment, I agree to pay you interest on the unpaid balance at the rate stated above. If you have to sue me, I also agree to pay reasonable attorney's fees and court costs. I also agree to pay actual collection costs not to exceed __% of the unpaid balance. [Percentage left blank in original.]

On or about June 28, 1990, Amalgamated brought a state court action against defendant to recover on the Note. On August 17, 1990, the Board declared Amalgamated insolvent and appointed itself as liquidating agent. Thereafter, plaintiff removed the action to this court, seeking $35,425.50, interest at 15% from January 9, 1988, and reasonable attorney's fees and costs.

Defendant claims that pursuant to an arrangement among himself, Amalgamated, and Fleetway, a company with which defendant worked, Amalgamated paid the loan proceeds to Fleetway, which represented that it would use income generated by defendant to make the monthly payments on the Note. He alleges that Amalgamated failed to notify him that Fleetway was not making the payments until November 1988, that this failure is evidence of an agreement between Amalgamated and Fleetway to defraud him, and that because of that agreement, he is not liable on the Note.

Defendant also maintains that plaintiff's recovery is barred by waiver, laches, failure to mitigate, accord and satisfaction, and failure of consideration.

The Note does not make reference to any agreement among defendant, Amalgamated and Fleetway, and there were no written side agreements between defendant and Amalgamated.

## II

■ The court may grant a motion for summary judgment only when the moving party demonstrates that no genuine issue of material fact exists for trial and that the party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

In *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), the Supreme Court held that a maker of a promissory note is estopped from raising a "secret agreement" with a bank to defeat the interest of the Federal Deposit Insurance Corporation (the "F.D.I.C.") in enforcing the note.

Although that case involved the F.D.I.C., other courts have applied the decision to the Board. *See, e.g., National Credit Union Admin. Bd. v. First Nat'l Bank*, 690 F.Supp. 1580 (N.D.Ill.1988). The Board is situated similarly to the F.D.I.C. in that it supervises federal credit unions and may examine their books and records. 12 U.S.C. § 1756.

*D'Oench, Duhme* applies to a wide range of "secret agreements," including situations where the maker of a note does not actively participate in an unrecorded transaction. "It would be sufficient in this type of case that the maker lent himself to a scheme or arrangement whereby the banking authority ... was or was likely to be misled." 315 U.S. at 460, 62 S.Ct. at 681.

### A.

In this case defendant claims to be an unknowing victim of a fraud, not someone lending himself to a scheme. The Second Circuit has not addressed whether there is an exception to *D'Oench, Duhme* for borrowers like defendant. In *Federal Deposit Ins. Corp. v. Meo*, 505 F.2d 790 (9th Cir.1974), the court held that the doctrine announced in that case was inapplicable to situations where the maker of a note is "wholly innocent" of

any wrongdoing. That interpretation appears no longer to be valid.

In *Langley v. Federal Deposit Ins. Corp.*, 484 U.S. 86, 92–93, 108 S.Ct. 396, 401–02, 98 L.Ed.2d 340 (1987), the Supreme Court held that 12 U.S.C. § 1823(e) barred the makers of a promissory note from asserting against the F.D.I.C., the receiver of a bank, that the bank had fraudulently induced them to enter an agreement by misrepresenting the acreage and quality of land they were purchasing. That section provides, in pertinent part, that "no agreement" tending to diminish or defeat the interest of the F.D.I.C. in the assets it acquired is valid unless the agreement was, among other things, in writing. While treating the statute as a partial codification of the *D'Oench, Duhme* decision, the Supreme Court relied on that decision in holding that an "agreement" included the entire bargain of the parties.

In light of *Langley* any exception to *D'Oench, Duhme* for "wholly innocent" victims of fraud is extremely narrow. The Ninth Circuit has limited its *Meo* opinion to situations where the bank's fraud took place after the maker signed documents. *Federal Deposit Ins. Corp. v. Zook Bros. Const. Co.*, 973 F.2d 1448, 1452 (9th Cir.1992). Other courts of appeal have not followed *Meo. See, e.g., Federal Deposit Ins. Corp. v. Payne*, 973 F.2d 403, 407 (5th Cir.1992) ("the *Langley* Court destroyed the 'wholly innocent borrower' exception to the *D'Oench, Duhme* doctrine"); *In re 604 Columbus Ave. Realty Trust*, 968 F.2d 1332, 1347–48 (1st Cir.1992).

Here defendant says that he entered into the loan with Amalgamated with the understanding that Fleetway would assume the repayment obligation. But the facts supporting defendant's fraud defense do not appear in any documents relating to the loan transaction. Even if defendant was an innocent victim of a fraudulent scheme between Amalgamated and Fleetway, he may not raise that fraud as a defense to payment on the Note.

### B.

■ Defendant's remaining affirmative defenses are similarly unavailing. The *D'Oench, Duhme* doctrine prohibits defendant from raising the affirmative defenses of waiver and failure of consideration. *See Federal Deposit Ins. Corp. v. Bernstein*, 944 F.2d 101, 108 (2nd Cir.1991) (failure of consideration not an available defense); *Federal Deposit Ins. Corp. v. Gulf Life Ins. Co.*, 737 F.2d 1513, 1518 (11th Cir.1984) (FDIC's rights in asset not limited by defenses of waiver, estoppel, or unjust enrichment); *see generally Vernon v. Resolution Trust Corp.*, 907 F.2d 1101, 1106 (11th Cir.1990).

■ Likewise, defendant may not assert the defenses of accord and satisfaction, laches, or failure to mitigate. 12 U.S.C. § 1787(p)(2); *Federal Deposit Ins. Corp. v. Hoover–Morris Enterprises*, 642 F.2d 785, 787–88 (5th Cir.Unit B 1991) (*D'Oench, Duhme* precludes accord and satisfaction defense); *Federal Deposit Ins. Corp. v. Roldan Fonseca*, 795 F.2d 1102, 1108 (1st Cir.1986) (laches not applicable in action brought by FDIC in corporate capacity); *Federal Savings and Loan Ins. Corp. v. Musacchio*, 695 F.Supp. 1044, 1053 (N.D.Cal.1988) (banking agency need not show mitigation of damages).

### III

■ Based on the language in the Note quoted above, plaintiff requests attorney's fees and costs of $2,725. Plaintiff's attorney, Darren T. Kaplan, based this amount on 18 hours worked at the rate of $150/hour and $25 for service of process. The court will allow the attorney's fees and costs in the amount requested.

### IV

The court grants plaintiff's motion and directs entry of judgment for $35,425.50, interest at 15% from January 9, 1988, and attorney's fees and costs in the amount of $2725.

So ordered.